IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| WILLIAM BARNES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION FILE |
| ) | NO._____ |
| vs. ) | |
| ) | |
| LIBERTY LIFE ASSURANCE COMPANY ) | |
| OF BOSTON, ) | |
| ) | |
| Defendant. ) | |

COMPLAINT FOR RECOVERY OF PLAN BENEFITS
AND FOR ENFORCEMENT OF RIGHTS UNDER ERISA

NOW INTO COURT, through undersigned counsel, comes Plaintiff, William Barnes, who brings this cause of action to obtain relief from Defendant's refusal to pay Long Term Disability benefits due under an employee benefits plan and for Defendant's other violations of the Employee Retirement Security Act of 1974 ("ERISA"), respectfully represents as follows:

1. The Court's jurisdiction is invoked pursuant to 28 U.S.C. 1337 and 29 U.S.C. 1132(e) (ERISA 502(e)).  Plaintiff's claims relate to an employee welfare benefits plan as defined by ERISA, 29 U.S.C. 1001 et seq. and the subject Disability Benefit Plan constitutes a "plan under ERISA."

1

2. The ERISA statute at 29 U.S.C. 1133, as well as Department of Labor regulations at 29 CFR 2560.503-1, provides a mechanism for administrative or internal appeal of benefit denials.  In this case, those avenues of appeal have been exhausted and this matter is now properly before this Court for judicial review.

3. Venue is proper pursuant to 29 U.S.C. 1132(e)(2).

4. William Barnes resides at 995 Co. Road 257, Bryant, Alabama, 35958.

5. Defendant, Liberty Life Assurance Company of Boston (hereinafter "Liberty Life"), is the claims administrator of the Plan and is the entity which made the decision to deny Plaintiff's claim for benefits under the Plan.

6. The named defendant in the above caption is an insurance company authorized to transact business in this state, and may be served through their designated agent for service of process: Corporation Service Company, Inc., 641 South Lawrence Street, Montgomery, AL  36103.

7. Defendant, Liberty Life, issued Group Policy Number GF3-850-291417-01 to Astec Industries, Inc.

8. At all material times, William Barnes was employed by Astec Industries, Inc.

9. At all relevant times, William Barnes was a participant or beneficiary of the plan and is covered by Group Policy Number GF3-850-291417-01.

10. Liberty Life is, and at all relevant times was, the Plan Administrator and/or Plan Sponsor of the plan and of other benefit plans under which Plaintiff may be entitled to benefits pursuant to a finding of disability.

11. William Barnes ceased to work due to a disability while covered under the Plan.

12. The Plan is a group disability income insurance policy.

13. Plaintiff is covered by Group Policy Number GF3-850-291417-01 that provides benefits, including long-term disability ("LTD") coverage.

14. The Defendant is the party obligated to pay benefits and to determine eligibility for benefits under Group Policy Number GF3-850-291417-01.

15. The Policy was effective on October 1, 2014, at all times relevant for this cause of action.

16. Plaintiff ceased work due to a disability on or about November 30, 2015, while covered under the Plan.

17. Plaintiff timely filed an application for benefits under the Plan.

18. Plaintiff was approved for short term disability benefits from December 8, 2015 through May 30, 2016.

19. Plaintiff was approved for LTD benefits effective May 31, 2016.

20. By letter dated July 15, 2016, Liberty Life denied the Plaintiff's LTD claim.

21. By letter dated August 4, 2016, Liberty Life approved Plaintiff's claim for LTD benefits.

22. Plaintiff received LTD benefits from the Defendant from May 31, 2016 through May 31, 2018.

23. By letter dated June 1, 2018, Defendant determined that Plaintiff would not meet the definition of "disability" beyond May 31, 2018.

24. Plaintiff appealed the decision denying his claim.

25. On January 17, 2019, Defendant sent a letter to Plaintiff advising they were not going to change their decision to deny his claim.

26. Plaintiff has exhausted his administrative remedies under the Plan with respect to LTD benefits, and according to the Defendant, he is permitted to bring a civil action under Section 502(a) of the Employee Retirement Income Security Act of 1974 ("ERISA").

27. The Defendant failed to consider the opinions of the Plaintiff's treating physicians in making the disability determination.

28. The Defendant improperly denied the Plaintiff's claim for LTD benefits.

29. Plaintiff has been and continues to be disabled as defined by the provisions of the Plan.

30. Under the terms of the Plan, Defendant agreed to provide Plaintiff with long term disability benefits in the event the Plaintiff became disabled as defined by the Plan.

31. Defendant failed to provide benefits due under the terms of the Plan, and this denial of benefits constitutes a breach of the Plan.

32. The decision to deny benefits was wrong and unreasonable under the terms of the Plan.

33. The Defendant was under a perpetual conflict of interest because the benefits would have been paid out of their own funds.

34. The Defendant allowed their concern over their own funds to influence their decision-making.

35. The Defendant failed to render the benefit determination in accordance with the regulatory requirements.  Therefore, *de novo* review is appropriate.

36. The decision to deny benefits and the decision-making process was arbitrary and capricious.

37. The decision to deny benefits was not supported by substantial evidence in the record.

38. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has been damaged in the amount equal to the amount of benefits to which he would have been entitled to under the Plan.

39. As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has suffered, and will continue to suffer in the future, damages under the Plan, plus interest and other damages, for a total amount to be determined.

WHEREFORE, Plaintiff requests that this Court grant him the following relief:

(i) A finding in favor of Plaintiff against the Defendant;

(ii) Damages in the amount equal to the disability income benefits to which he was entitled through the date of judgment, for unpaid benefits pursuant to 29 USC 1132(a)(1)(B);

(iii) Prejudgment and post judgment interest;

(iv) An Order requiring the Plan, the Plan Administrator, or appropriate Plan fiduciary to pay continuing benefits in the future so long as Plaintiff remains disabled under the terms of the Plan;

(v) An Order requiring the Plan, Plan Administrator, or appropriate Plan fiduciary to provide Plaintiff with any other employee benefits to which he may be entitled due to a finding of disability for so long as the Plaintiff remains disabled under the terms of the Plan;

(vi) Plaintiff's reasonable attorney fees and costs; and,

(vii) Such other relief as this Court deems just and proper.

Dated this 26th day of March, 2019.

                        THE HAMILTON FIRM

                        /s/Annette T. Kelley
                        ANNETTE T. KELLEY, AL BPR 5582E68R
                        *Attorney for Plaintiff*
                        2401 Broad Street, Suite 102
                        Chattanooga, TN 37408
                        Phone: 423.634.0871
                        Fax: 423.634.0874
                        atk@thehamiltonfirm.com